UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER D.,
    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
the Social Security Administration,
    Defendant

C.A. No. 24-cv-516-JJM-PAS

ORDER

    Christopher D. is a 49-year-old individual who suffers from severe impairments of seizure disorder; depressive disorder; anxiety disorder; degenerative disc disease of the lumbar spine with spinal stenosis; degenerative disc disease of the thoracic spine; and alcohol dependence/use disorder. ECF No. 5 at 25. The Commissioner of Social Security denied Christopher's claim for Supplemental Security Income, Disability Insurance Benefits, and Child's Insurance Benefits. *Id.* at 21. Christopher filed a Motion to Reverse the Decision of the Commissioner; and the Commissioner moves to affirm the Decision. ECF Nos. 9, 11. On appeal, Christopher claims that: (1) the Administrative Law Judge ("ALJ") failed to consider the amputation of his right middle finger when assessing his residual functional capacity ("RFC"); (2) the ALJ abused his discretion by not issuing a subpoena for old mental health records; (3) the ALJ failed to consider the opinion of his physical therapist Leanne Monteiro; and (4) the ALJ should not have relied on the Vocational Expert's ("VE") job numbers. ECF No. 11 at 4. Because the Court find that the ALJ's

decision was supported by substantial evidence and any remaining issues were waived by Christopher, it GRANTS the Commissioner's Motion to Affirm and DENIES Christopher's Motion to Reverse.

I. **STANDARD OF REVIEW**

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## II. DISCUSSION

### A. The ALJ's Consideration of the Right Finger Amputation

Christopher asserts the ALJ failed to consider the amputation of his right middle finger when determining his RFC. ECF No. 9 at 6. Social Security Ruling 96-8p provides that:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.

SSR 96-8p, 1996 WL 374184, at 5 (July 2, 1996). Also, Social Security Administration regulations and caselaw require the ALJ to consider the combined effect of all the claimant's impairments at each step of the sequential evaluation process. *See McDonald v. Sec'y of Health Hum. Servs.*, 795 F.2d 1118, 1124-25 (1st Cir. 1986); 20 C.F.R. § 404.1520(g). The RFC assessment must "contain a thorough discussion and analysis of the objective medical and other evidence . . . ." SSR 96-8p at 7.

Here, the ALJ did consider the partial amputation and noted it as "non-severe." ECF No. 5 at 25. First, the ALJ explicitly discussed Christopher's amputation at step two, when determining whether he had any severe impairments. *See* ECF No. 5 at 25-26. In that discussion, the ALJ highlighted that Christopher "did not report any manipulative restrictions in using his hands." *Id.* at 26. After discussing Christopher's non-severe impairments at step two, the ALJ noted that he "considered all of the claimant's impairments, including his 'non-severe' impairments, during the assessment of his residual functional capacity." ECF No. 5 at 25. By discussing

3

Christopher's amputation at step two, "the ALJ is presumed to have considered that impairment to the same extent when determining [Christopher's] RFC." *Lopez v. Kijakazi*, 704 F. Supp. 3d 279, 287 n.6 (D. Mass. 2023); *see id.* (quoting *Furey v. Saul*, 501 F. Supp. 3d 29, 52 (D. Mass. 2020) ("The Court reads the ALJ's decision as a whole, keeping in mind that 'it would be needless formality to have the ALJ repeat substantially similar factual analyses' at multiple points of his decision.")). And such a presumption is appropriate when, as here, "the ALJ acknowledges that he was required to consider all the plaintiff's severe and non-severe impairments in determining [his] RFC." *Id.*

Moreover, in addition to Christopher not reporting manipulative limitations, the state medical consultant's RFC evaluation revealed no manipulative limitations. ECF No. 5 at 156. Indeed, the only mention in the record of the amputation is the radiology finding with no corresponding treatment or limitations reported by Christopher. ECF No. 5 at 665. Thus, the ALJ did not err in not adding manipulative limitations to Christopher's RFC. Accordingly, the Court finds that the ALJ's decision was in accordance with SSR 96-8p, and therefore, remand is not appropriate for that issue.

### B. Denial of Subpoena

Christopher also claims that the ALJ abused his discretion by not granting a subpoena for mental health records. ECF No. 11 at 4. He needed these records to prove he was receiving treatment before age 22 to qualify for his Child's Insurance Benefits claim. ECF No. 5 at 78, 624. However, the requested records in question

were for April 2, 2021, to present, well past the date range for showing a disability before age 22. *Id.* at 624. Because Christopher is 49 years old, the records in question would only show treatment starting at age 45 and not establish that he received care before age 22. So, the records would not have helped the Child's Insurance Benefits claim anyway. Consequently, remand is not necessary or appropriate for this issue.

### C. Opinion of Leanne Monteiro

In addition, Christopher claims that the ALJ failed to consider physical therapist Leanne Monteiro's opinion. In an April 7, 2021, visit, Christopher reported "moderate difficulty" with prolonged sitting, squatting, and lifting and "severe difficulty" with prolonged standing. ECF No. 5 at 2266.

The Commissioner asserts that these ratings are not medical opinions, but "other medical evidence." ECF No. 11 at 13. The Court agrees. The chart with the ratings labels them as "verbal pain rating at worst," indicating that the rating is done by the patient and is a subjective judgment about the severity of his impairments, falling within the definition of "other medical evidence." *Id.*; ECF No. 5 at 2266; 20 C.F.R. § 404.1513(a)(3). Consequently, the ALJ properly considered Ms. Monteiro's opinion as "other medical evidence," and remand is not proper for this issue.

### D. Reliability of VE Testimony

Christopher also claims that the VE's testimony was not reliable. This concern is based on several grounds; however, because there was no objection to the testimony or cross-examination about reliability at the administrative level, the Court cannot consider any of them. *See Katheryn H. v. King*, No. 24-CV-253-JJM-LDA, 2025 WL

521137, at *5 (D.R.I. Feb. 18, 2025) (citing *Liam S. v. O'Malley*, No. 23-00194-WES, 2024 WL 260816, at *21-22 (D.R.I. Jan. 24, 2024)) (a court cannot consider issues de novo without a prior objection, cross-examination, or post hearing brief.).

Christopher points to the opinion in *Karissa B. v. O'Malley*, 733 F. Supp. 3d 57 (D.R.I. 2024) to argue that he can raise an issue for the first time on appeal. However, the issue in *Karissa B.* was what number of jobs is "significant," not the reliability of VE testimony, which cannot be raised as a de novo issue at the district court level and must be raised at the administrative level. *Id.*; *Katheryn H.*, 2025 WL 521137 at *5; *Liam S.*, 2024 WL 260816 at *21-22. Thus, because Christopher did not question the VE "in any depth or substance about the job numbers provided to address the purported ambiguity of which he now complains . . . the argument is waived." *Liam S.*, 2024 WL 260816 at *7-8.

### III. CONCLUSION

For the reasons discussed above, the Court GRANTS the Commissioner's Motion to Affirm, ECF No. 11, and DENIES Christopher D.'s Motion to Reverse. ECF No. 9. IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

September 16, 2025